## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     CV 17-5358 ODW (SS)                    Date: August 4, 2017

Title:     <u>Dennis Dale Catchings v. U.S. Department of Justice, et al.</u>

---

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g)**

---

PRESENT:

## HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE

  _Marlene Ramirez_          _____None_____          __None__
   Deputy Clerk          Court Reporter/Recorder          Tape No.

   ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

              None Present                    None Present

**PROCEEDINGS: (IN CHAMBERS)**

On July 20, 2017, Plaintiff Dennis Dale Catchings ("Plaintiff"), a state prisoner proceeding <u>pro se</u>, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] (Dkt. 1). The Complaint alleged that employees at the Department of Justice failed to investigate a citizen's complaint that Plaintiff filed accusing the Santa Monica Police Department of committing constitutional violations against him. (<u>Id.</u> at 5).

---

[1] Because Plaintiff is a suing federal employees, (<u>see</u> Complaint at 1, 3), his claims are more appropriately brought under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). <u>See</u> <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987) ("There is no valid basis for a claim under section 1983, in that Daly–Murphy's allegations are against federal officials acting under color of federal law. Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia. Thus, the only possible action is an action under the authority of <u>Bivens</u>." (citation omitted)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     CV 17-5358 ODW (SS)                Date:  August 4, 2017
Page 2 of 4

Title:      <u>Dennis Dale Catchings v. U.S. Department of Justice, et al.</u>
_____

Plaintiff also submitted a request to proceed <u>in forma pauperis</u> ("IFP") and an "Inmate Statement Report," showing a balance of zero dollars in his prison trust account. (Dkt. 2).

After considering Plaintiff's IFP application and Complaint and reviewing court records, it appears as though Plaintiff is not entitled to proceed IFP.  In particular, a state or federal inmate is prohibited from "bring[ing] a civil action or appeal" in forma pauperis, if the inmate:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision.  'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim.'" <u>Andrews v. King</u>, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

For purposes of § 1915(g), the phrase "fails to state a claim upon which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" <u>Id.</u> at 1121 (citations omitted).  Only dismissals within one of these three categories may be counted as strikes for § 1915(g) purposes, so the mere fact that Plaintiff has had many cases dismissed does not alone warrant dismissal under the statute.  <u>Id.</u>  Rather, dismissal of an action under § 1915(g) should occur only when, "after careful evaluation" of court records, "the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Id.</u>

## CIVIL MINUTES – GENERAL

Title:    <u>Dennis Dale Catchings v. U.S. Department of Justice, et al.</u>

_____

<u>Andrews</u> requires that either the district court or the defendants provide the prisoner with notice of the potential applicability of § 1915(g), but also requires (after such notice) that the prisoner bear the ultimate burden of persuasion. <u>Id.</u> <u>Andrews</u> implicitly allows the Court to <u>sua sponte</u> raise the § 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner the opportunity to be heard on the matter before dismissing the action. <u>Id.</u> A dismissal under § 1915(g) means that a prisoner cannot proceed with his action IFP, but he may still pursue his claims, if he pays the full filing fee at the outset of the action.

Here, at least three of Plaintiff's cases or appeals have previously been dismissed as frivolous, malicious, or for failure to state a claim, including the following actions:

(1)    <u>Catchings v. Jackman, et al.</u>, Case No. CV 13-2788 (SS) (C.D. Cal. <u>dismissed</u> Aug. 13, 2013) (concluding Plaintiff was not entitled to proceed IFP because he had three strikes within the meaning of Section 1915(g));

(2)    <u>Catchings v. City of Santa Monica, et al.</u>, Case No. CV 09-8473 (SS) (C.D. Cal. <u>dismissed</u> Dec. 18, 2009) (dismissing because the doctrine in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), barred the action);

(3)    <u>Catchings v. City of Santa Monica, et al.</u>, Case No. CV 06-5721 (SS) (C.D. Cal. <u>dismissed</u> Oct. 23, 2006) (dismissed because the doctrine in <u>Heck</u> barred the action);

(4)    <u>Catchings v. City of Santa Monica, et al.</u>, Case No. CV 06-0006 (SS) (C.D. Cal. <u>dismissed</u> Feb. 17, 2006) (dismissed because the doctrine in <u>Heck</u> barred the action);

(5)    <u>Catchings v. City of Santa Monica Police Dept., et al.</u>, Case No. CV 05-0308 (SS) (C.D. Cal. <u>dismissed</u> Jan. 31, 2005) (dismissed because the doctrine in <u>Heck</u> barred the action).
\\
\\

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 17-5358 ODW (SS)                Date:  August 4, 2017

Title:    <u>Dennis Dale Catchings v. U.S. Department of Justice, et al.</u>

_____

     In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, Plaintiff is **ORDERED TO SHOW CAUSE**, within **fourteen (14) days** of the date of this Order, why the Magistrate Judge should not recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(g), <u>i.e.</u>, Plaintiff must establish that the above-referenced cases do not qualify as strikes, or pay the full $350.00 filing fee in a form acceptable to the Clerk's Office.  <u>See</u> 28 U.S.C. § 1915(a)(1).

     **Plaintiff is explicitly cautioned that the failure to comply with this Order by the Court's deadline will result in a recommendation that this action be dismissed without prejudice.**

     IT IS SO ORDERED.

MINUTES FORM                                                            00:00
CIVIL-GEN                                         Initials of Deputy Clerk  mr